J. H. WALKER & CO. *v.* TANDY WIGGLEWORTH ET AL.

**Vendor and Purchaser—Purchase Money Lien—Failure to Comply With His Part of Contract—Rescission.**

Appellants sold to appellees a distillery on which there was a purchase money lien which had to be discharged to operate the distillery. Appellants discharged half of this lien and appellees owed them enough to pay the balance. Held, that appellees had no right to a rescission of the contract of purchase as they could have applied the amount they owed to the discharge of the balance of the lien.

APPEAL FROM HARRISON CIRCUIT COURT.

April, 15, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

There is nothing in the record warranting the conclusion that Walker & Co. made any fraudulent representations to the appellee as to the provisions of the United States internal revenue law. Upon the contrary, it seems the latter were apprised at the time of their purchase that it was a matter of some doubt whether or not they would be licensed by the Federal government to operate the

distillery so long as the lien in favor of Walker's vendors remained unsatisfied. Fully apprised as they were of the existence of such lien, and of the fact that one of Walker's notes would not fall due until nearly a year after their purchase, common prudence demanded that they should take the proper steps to ascertain correctly the provisions of the revenue law, and not rely upon the opinion of Walker. Waggener v. Waggener, 2 A. K. Marshall, 331. There being no fraud upon the part of appellants, and it not appearing that they undertook to guarantee that the appellees would be licensed to carry on the distillery, there can be but one ground upon which a rescission of the contract of sale can be sustained, and that is that Walker can not comply with the conditions of the written agreement entered into between the parties. Walker & Co. sold to appllees, and agreed with them to "transfer and relinquish their right and title unto the party of the second part the following property, namely: About two acres of land, including the distillery and other buildings on the premises formerly owned by John Poindexter, deceased, being the same purchased by the said parties of the first part at the sale on the 28th of November, 1868." This contract was executed on the 13th of February, 1869, and the appellees knew, or ought to have known, that Walker & Co. then owed $15,000, the entire purchase price agreed by them to be given for the property, and that one-half of it would not be due until about the 15th of June, and the balance until the 1st of November thereafter. Under such circumstances, it is but fair to conclude that the Walkers expected, and had the right to expect that they would be enabled by the first payment from the appellees to pay off the last payment due from them to the commissioner from whom they bought, and the record shows that before the institution of this suit they had paid off more than one-half of the first payment due from them to the commissioner. The failure or refusal of the appellees to comply with their contract was very possibly the reason of Walker & Co. failing to make prompt payments on their purchase, and to allow the appellees to force a rescission of the contract on this account will be to permit them to take advantage of their own wrong. We are of opinion that the court should have continued the case and allowed the appellants time to procure a conveyance of the title to the property and to secure a release of the liens in favor of Harris, who paid off their bonds to the commissioner, and if it be necessary to do this, to

ascertain the amount due from the appellees which is the cash value of the whisky they contracted to deliver at the time it should have been delivered, enforce the payment of the same, and apply so much thereof as may be necessary to the satisfaction of Harris' lien, the appellants should be allowed to amend their pleadings and set up the second payment due them and bring all necessary parties before the court, and the contract between the appellants and appellees enforced according to its spirit. Wherefore the judgment is reversed and the cause remanded for further proceedings.

*Boyd, for appellant.*
*Trimble, Cleary & West, for appellee.*